# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **B.H.-1**

**No. 18-0174** (Randolph County 2017-JA-025)

**FILED**

**June 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father B.H.-2, by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's January 19, 2018, order terminating his parental rights to B.H.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), G. Phillip Davis, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period prior to terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 2, 2017, the DHHR filed an abuse and neglect petition against petitioner alleging that the mother tested positive for Suboxone upon the delivery of B.H. The petition further alleged that, although the mother had a prescription for Suboxone, she had a history of substance abuse that led to the termination of her parental rights to three older children. In the petition, the DHHR alleged that B.H. suffered severe withdrawal symptoms including seizures, myoclonic jerks, loose stools, and sleeping less than two hours after feeding. He was transferred to Ruby Memorial Hospital for further treatment. According to the petition, the mother reported that petitioner was incarcerated on federal charges related to manufacturing methamphetamine.

On August 30, 2017, the DHHR filed an amended abuse and neglect petition alleging that petitioner was released from federal incarceration, subsequent to the filing of the original

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because the child and petitioner have the same initials, they will be referred to as B.H.-1 and B.H.-2, respectively, throughout this memorandum decision.

1

petition. The petition alleged that petitioner was incarcerated upon drug-related crimes in 2013 and was sentenced to fifteen months incarceration followed by three years of supervised release. In March 2017, a warrant was issued for petitioner's arrest following multiple violations of his supervised release, including possession of drugs and needles and positive drug screens for methamphetamine. The petition further alleged that petitioner struggled with substance abuse and that he had multiple positive drug screens in July of 2017 and August of 2017. As a result of his positive drug screens, petitioner was only able to visit the child twice. Petitioner waived his preliminary hearing. On September 25, 2017, the circuit court held an adjudicatory hearing at which petitioner stipulated to adjudication and filed a motion for a post-adjudicatory improvement period. The circuit court adjudicated petitioner as an abusing parent and did not rule on his motion for a post-adjudicatory improvement period.

On January 4, 2018, the circuit court held a dispositional hearing at which petitioner renewed his motion for a post-adjudicatory improvement period. Both the guardian and the DHHR objected to petitioner's motion for a post-adjudicatory improvement period and moved for termination of petitioner's parental rights. The DHHR presented testimony that petitioner had twenty-three negative drug screens, but that he had positive drug screens for methamphetamine and amphetamines in July of 2017, August of 2017, September of 2017, and December of 2017. Petitioner participated in substance abuse treatment in October of 2017. A CPS worker testified regarding petitioner's drug-related criminal history. She also testified that the parents missed visits and were frequently late to visits with the child.

Petitioner testified regarding his substance abuse issues and explained that his addiction to methamphetamine began in 2012 and that he was arrested in 2013 for buying Sudafed in order to make methamphetamine. Petitioner admitted that he tested positive for methamphetamine recently, but that he "didn't intentionally do it." According to petitioner, the most recent positive drug screen for methamphetamine was caused by smoking an electronic cigarette that was given to him by a stranger in front of a convenience store. He also claimed that the hypodermic needles found in his home in March of 2017, resulting in a violation of his supervised release, belonged to someone else living in his home. Additionally, he testified that six hypodermic needles found in his home in November of 2016, belonged to another individual staying at the home. He further testified that he had successfully raised other children who were now raising their own children. The circuit court did not accept petitioner's explanations for the two instances wherein hypodermic needles were found in his home or his explanation for his most recent positive drug screen. Further, the circuit court denied petitioner's motion for an improvement period. The circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect, and specifically, the parents "don't want to do what is in the child's best interest as to drug use" and lifestyle. In light of the child's young age, the circuit court found it was in his best interests for petitioner's parental rights to be terminated. Ultimately, the circuit court terminated petitioner's parental rights in its January 19, 2018, order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

---

[2]The mother's parental rights were also terminated. According to the parties, the permanency plan for the child is adoption by his maternal grandmother.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T*., 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period prior to terminating his parental rights. In support of this argument, petitioner asserts that twenty-three out of twenty-eight of his drug screens were negative and that he enjoyed visits with his child and hoped to "increase the frequency of the visits as part of an improvement period." We do not find this argument persuasive.

Pursuant to West Virginia Code § 49-4-610(2), "a court may grant a [parent] an improvement period of a period not to exceed six months when . . . [t]he [parent] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" Further, "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015). Petitioner acknowledges that the circuit court is under no obligation to grant him an improvement period. However, petitioner offers no evidence to support his assertion that he would be likely to successfully complete an improvement period. Further, although petitioner argues that he successfully raised his older children while clean from drugs, petitioner fails to recognize his more recent struggle with substance abuse. The record shows that petitioner was incarcerated on drug-related charges and later violated his supervised release when he was found to have hypodermic needles in his home. Petitioner refused to take responsibility for the needles found in his home and blamed someone that lived in his home at the time. Petitioner further refused to take responsibility for a drug screen positive for methamphetamine in December of 2017, blaming it on smoking an electronic cigarette. On appeal, petitioner also fails to acknowledge the fact that he tested positive for methamphetamine and amphetamines multiple times during the proceedings and that he was late for multiple visits and missed visits with the child. Based on this evidence, petitioner did not demonstrate by clear and convincing evidence that he was likely to fully participate in a post-adjudicatory improvement period. Therefore, the circuit court did not err in denying him the same.

Further, we find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" The evidence discussed above also supports the circuit court's findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, and that, due to the child's young age, termination of petitioner's parental rights was in the child's best interests.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 19, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: June 11, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.